REGINA LONT, Plaintiff, *v.* CHARLES HAGEN, Defendant.

Supreme Court, Trial Term, Ontario County, January 5, 1937.

*Joseph J. Spillane*, for the plaintiff.

*William S. McGreevy*, for the defendant.

CUNNINGHAM, J.   The complaint in substance alleges that a dog owned by the plaintiff was negligently run over and killed by the defendant.

The defendant in his answer claims that the dog was running at large without a tag, in violation of the provisions of the Agriculture and Markets Law, and that under such law an action may not be maintained to recover the value of an untagged dog. The provision relied upon by defendant is contained in section 114 of the Agriculture and Markets Law and reads as follows: " No action shall be maintained to recover the possession or value of a dog, or for damages for injury or destruction of a dog not wearing a tag attached to a collar as provided in this article."

The question now arises as to whether the Legislature intended that this provision should protect officers against suit for injury or destruction of a dog caused while in the performance of their duties and while enforcing the law, or whether it intended to permit any private individual to kill or maim an untagged dog without being liable in damages therefor.

The exemption from liability for injuring or killing a dog is contained in a section which authorizes the seizure of unlicensed or untagged dogs.   It permits a peace officer or a designated representative of the Commissioner to seize any unlicensed dog on or off the owner's premises, or any dog found at large not wearing a tag. The dog seized shall be properly fed and cared for and the owner may redeem the dog within three days if in a city, or within five days if elsewhere.   If not so redeemed, the dog shall be sold or killed.   A person killing a dog under the provisions of section 114 is required to immediately dispose of the carcass and to make a written report of such killing and disposition to the clerk of the town, city or village.

Even if a dog attack a person or domestic animal, he may be killed only while making the attack or while being pursued from the scene of the attack without liability in damages of the person killing the dog.   (§ 116.)

If the provision relied upon by defendant be construed in conformity with his contention, then a private individual might shoot an untagged dog running at large. Thus, if we adopt defendant's construction of this statute, the power of the peace officer is limited while the right of the private individual to shoot a dog without being liable in damages would be unrestricted.

The provision that untagged dogs must be seized and held for three or five days shows that it was not the intention of the Legislature to permit them to be killed when found at large.

The heading of the section containing the provision relied upon by the defendant reads: "Seizure of unlicensed or untagged dogs." An unlicensed dog does not have a valid tag. Therefore, the words in section 114, "a dog not wearing a tag attached to a collar as provided in this article," include untagged dogs running at large and unlicensed dogs.

It evidently was the intention of the Legislature to confine this limitation of liability to the provisions of the section within which it is contained and to protect peace officers against liability if they should injure or kill a dog while performing their duties in the enforcement of the provisions of that section.

It is my opinion that the Legislature did not intend to permit private individuals or even peace officers to indiscriminately kill untagged dogs which are at large upon the highways of this State, without liability in damages therefor.

It is held that the provision of the Agriculture and Markets Law set up in defendant's answer does not apply to a person who negligently runs over and kills an untagged dog and is not a defense to this action.

The motion of the plaintiff is granted and the defense is ordered to be stricken from the answer of the defendant, with ten dollars costs to plaintiff to abide the event of the action.